**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Elaine Kofa, | ) | Civil Action No. 2:20-cv-3038-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Bradley R. Marshall, Cynthia Marshall, Chartmans, LLC d/b/a Chartmans, Inc., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending the Court grant Plaintiff's motion to remand. (Dkt. No. 3). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.   Background**

Plaintiff, Elaine Kofa initiated this action on August 10, 2020 in the Charleston County Court of Common Pleas. (Dkt. No. 1-1). The complaint brings claims of negligence/gross negligence, negligent misrepresentation, breach of contract, breach of contract accompanied by a fraudulent act, constructive fraud, fraud and misrepresentation, intentional infliction of emotional distress, violation of the South Carolina Unfair Trade Practices Act, and breach of fiduciary duty. (Dkt. No. 1-1). Plaintiff alleges she paid $15,000 to Defendant Bradley R. Marshall to represent her in a dispute with her employer involving assault, harassment, and retaliatory discharge from her job. (*Id.* at 9). Plaintiff alleges she was employed by "Six3 Systems Intelligence Solutions (CACI), a private company that contracts with the military to provide ISR support." (*Id.* at 8). Plaintiff alleges Defendant Marshall agreed to the representation although he was disqualified

1

from representing clients in legal matters before administrative agencies, was disbarred, and not "licensed to practice law in any United States' jurisdiction, federal, or state." (*Id.* at 3-4). Plaintiff indicates that Defendant Marshall's representation was inadequate and caused dismissal of Plaintiff's complaint with the Equal Employment Opportunity Commission. (*Id.* at 3-4, 12). Plaintiff alleges Defendant Chartmans LLC d/b/a Chartmans, Inc. is a business offering legal services and that Defendant Bradley Marshall is the president and Defendant Cynthia Marshall is the vice president. (*Id.* at 2-3).

On August 24, 2020, Defendants removed the action to this Court on the basis of federal question jurisdiction involving the lay representation of federal employees and contractors before federal administrative tribunals. (Dkt. No. 1 at 1). On September 4, 2020, Plaintiff filed a motion to remand. (Dkt. No. 3). Defendants filed a response in opposition to remand and a motion for dismissal. (Dkt. No. 5).[1] On September 29, 2020, the Magistrate Judge issued an R & R recommending the Court grant Plaintiff's motion to remand. (Dkt. No. 11).

## II.  Legal Standard

### A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific

---

[1] The Magistrate Judge notes that Defendants' response in opposition to remand and motion for dismissal is deficient because it was not signed by the *pro se* Defendants. (Dkt. Nos. 6, 11). The Clerk of Court notified Defendants of the filing and advised Defendants they had ten days to correct the filing. (Dkt. No. 6).

objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### III.     Discussion

After a careful review of the R & R, the Court finds the Magistrate Judge ably concluded this case should be remanded for lack of subject matter jurisdiction over Plaintiff's claims. The burden of demonstrating jurisdiction rests with the "party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal is construed strictly because of the "significant federalism concerns" implicated. *Id.* If federal jurisdiction is doubtful, a remand to state court is necessary. *Id.* Any civil action brought in a "State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Defendants' notice of removal indicates the Court has original jurisdiction over Plaintiff's claims because a federal question exists pursuant to 28 U.S.C. § 1331. Section 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If Plaintiff's claims do not "aris[e] under the Constitution, laws or treaties of the United States," remand is proper. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Upon a review of the

Complaint, all of Plaintiff's claims arise under South Carolina statutory or common law. (Dkt. No. 1-1). Defendants put forth a proposed federal defense arguing that a disbarred attorney may act as "lay representation" in some federal actions. (Dkt. No. 1 at 1). Yet, a federal defense is not a proper ground for removal and is insufficient to invoke federal jurisdiction. *See Lontz v. Tharp*, 413 F.3d. 435, 439 (4th Cir. 2005) ("[M]erely having a federal defense to a state law claim is insufficient to support removal, since it would also be insufficient for federal question jurisdiction in the first place.") As this case does not involve a federal question within the meaning of 28 U.S.C. § 1331, no federal question jurisdiction supports removal pursuant to 28 U.S.C. § 1441.

In addition, the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Defendants Bradley Marshall and Cynthia Marshall are citizens of South Carolina who reside in Mount Pleasant, South Carolina. (Dkt. No. 1-1 at ¶ 10). Defendant Chartmans LLC d/b/a Chartmans, Inc. maintains its principal place of business in Mount Pleasant, South Carolina and is a business incorporated in South Carolina. (*Id.* at ¶¶ 2, 4). Removal on the basis of diversity jurisdiction is limited by 28 U.S.C. § 1441(b)(2) which states, "[a] civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The record indicates that at least one Defendant was properly served prior to removal. Defendant Cynthia Marshall was personally served on August 10, 2020 and she accepted service on behalf of Defendant Bradley Marshall as well. (Dkt. No. 3-1 at 2); FED. R. CIV. P. 4(e)(1); S.C.R.C.P. 4(d)(1). Thus, removal on the basis of diversity jurisdiction is barred pursuant to 28 U.S.C. § 1441(b)(2).

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 11) as the order of the Court and **REMANDS** this case to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　　　　　s/Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

October 14, 2020
Charleston, South Carolina